UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

JORDAN ARTHUR BOWIE,

    Petitioner,

v.                                       Case No. 8:22-cv-1571-KKM-JSS

SECRETARY, DEPARTMENT
OF CORRECTIONS,

    Respondent.
_____

## ORDER

Jordan Arthur Bowie, a Florida prisoner, filed a pro se petition for writ of habeas corpus under 28 U.S.C. § 2254, challenging his state-court convictions for robbery with a firearm.[1] (Doc. 3.) Having considered the petition, (*id*.), and the response opposing the petition as time-barred, (Doc. 7), the petition is dismissed as time-barred. Because reasonable jurists would not disagree, Bowie is not entitled to a certificate of appealability.

## I.    BACKGROUND

A state-court jury convicted Bowie of two counts of robbery with a firearm. (Doc. 7-2, Ex. 3.) The state trial court sentenced him to concurrent terms of 25 years in prison on each count. (*Id*., Ex. 4.) The state appellate court per curiam affirmed the judgment and sentence. *Bowie v. State*, 305 So. 3d 529 (Fla. 2d DCA 2020). Following the affirmance, Bowie did not make any additional filings in state court. (Doc. 7-2, Ex. 1.)

---

[1] The original petition was stricken because it was unsigned. (Doc. 2.) Bowie subsequently signed his petition and returned it to the Court. (Doc. 3.) Except for the signature, the two petitions are identical. (Docs. 1, 3.)

1

## II.   ANALYSIS

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) governs this proceeding. *Carroll v. Sec'y, DOC*, 574 F.3d 1354, 1364 (11th Cir. 2009). Under AEDPA, a federal habeas petitioner has a one-year period to file a § 2254 petition. This limitation period begins running on the later of "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." 28 U.S.C. § 2244(d)(1)(A). It is tolled for the time that a "properly filed application for State post-conviction or other collateral review" is pending in state court. 28 U.S.C. § 2244(d)(2).

The state appellate court affirmed Bowie's convictions on October 16, 2020. *Bowie*, 305 So. 3d at 529. The judgment became final 90 days later, on January 14, 2021, when the time to petition the Supreme Court of the United States for a writ of certiorari expired. *See Bond v. Moore*, 309 F.3d 770, 774 (11th Cir. 2002). Bowie's limitation period began to run the next day, January 15, 2021. Because he did not make any further filings in state court, Bowie had until January 18, 2022, to file his federal habeas petition.[2] Bowie missed the deadline by almost six months, filing his original, unsigned petition on July 8, 2022. (Docs. 1, 1-1.) Accordingly, the petition is untimely.

Bowie does not argue that he is entitled to equitable tolling. *See Holland v. Florida*, 560 U.S. 631, 645 (2010) (holding that § 2244(d) "is subject to equitable

---

[2] The last day of the limitation period—January 15, 2022—fell on a Saturday, and the following Monday was a federal holiday (Martin Luther King Jr. Day). Accordingly, Bowie had until Tuesday, January 18, 2022, to file his federal habeas petition. *See* Fed. R. Civ. P. 6(a)(1)(C) ("[I]f the last day [to file] is a Saturday, Sunday, or legal holiday, the period continues to run until the end of the next day that is not a Saturday, Sunday, or legal holiday."); *Gorby v. McNeil*, 530 F.3d 1363, 1365 n.2 (11th Cir. 2008) ("The last day for Petitioner to file his section 2254 petition fell on 11 November 2004; but because 11 November was a federal holiday, the limitations period expired on 12 November.").

tolling in appropriate cases"). Nor does he contend that he is entitled to review of his untimely petition because he is actually innocent. *See McQuiggin v. Perkins*, 569 U.S. 383, 386 (2013) (permitting review of an untimely § 2254 petition if petitioner proves his actual innocence). Thus, Bowie's petition is dismissed as time-barred.

### III.   CERTIFICATE OF APPEALABILITY

Bowie is not entitled to a certificate of appealability (COA). A prisoner seeking a writ of habeas corpus has no absolute entitlement to a COA. 28 U.S.C. § 2253(c)(1). The district court or circuit court must issue a COA. *Id*. To obtain a COA, Bowie must show that reasonable jurists would debate both (1) the merits of the underlying claims and (2) the procedural issues he seeks to raise. *See* 28 U.S.C. § 2253(c)(2); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Because the petition is time-barred, Bowie cannot satisfy the second prong of the *Slack* test. As Bowie is not entitled to a COA, he is not entitled to appeal in forma pauperis.

The Court therefore **ORDERS** that Bowie's petition for writ of habeas corpus (Doc. 3) is **DISMISSED with prejudice as time-barred**. The **CLERK** is directed to enter judgment against Bowie and in Respondent's favor and to **CLOSE** this case.

**ORDERED** in Tampa, Florida, on October 31, 2023.

Kathryn Kimball Mizelle
United States District Judge